UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ERNEST WAYNE MITCHELL      )
                                         )
v.                                    )         NO. 2:05-CV-274
                                         )         NO. 2:04-CR-02
UNITED STATES OF AMERICA    )
                                         )

**MEMORANDUM  OPINION**

Ernest Wayne Mitchell ("petitioner" or "Mitchell"), a federal prisoner, has filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, along with a supporting memorandum. [Doc.1].  The United States has responded in opposition to the motion [Doc. 3] and the petitioner has replied to the government's response. [Doc. 5].  The matter is now ripe for disposition.  The Court has determined that the files and records of the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary.  For the reasons which follow, the petitioner's motion pursuant to § 2255 lacks merit and will be DENIED.

I.     **Procedural Background**

On January 27, 2004, a four count indictment was returned by the federal grand jury charging the defendant with various drug and firearm offenses.

On May 24, 2004, the defendant pleaded guilty, pursuant to a plea agreement with the government, to Counts 1, 2 and 3 of the indictment. Counts 1 and 3 charged the defendant with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and Count 2 charged the defendant with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to the terms of the plea agreement, Count 4 of the indictment was dismissed at sentencing.

On December 13, 2004, Mitchell was sentenced to concurrent 46 month terms of imprisonment as to Counts 1 and 3 and to a statutory mandatory consecutive 60 month sentence as to Count 2, for a net effective sentence of 106 months. Judgment was entered on December 16, 2004. No direct appeal was filed and petitioner timely filed this § 2255 motion on October 21, 2005.

II. **Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255 Under Rule 4 of

the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F. 2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F. 2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F. 2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F. 2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F. 3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.

2d 1039, 1041 (6th Cir.) , *cert. denied*, 439 U.S. 988 (1978).  To warrant relief for a non-constitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure.  *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).  In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152 (1982).

III.    **Factual Background**

At the time of his guilty plea,  Mitchell  stipulated to the following facts, taken from the agreed factual basis filed in this case:

> The United States of America, by its counsel, Robert M. Reeves, Assistant United States Attorney for the Eastern District of Tennessee, defendant, Ernest Wayne Mitchell, and his attorney Nikki C. Pierce, hereby stipulate that the following facts are true and accurate.
>
> On November 12, 2003, an undercover officer with the Bristol Police Department, in Sullivan County, Tennessee, placed a call to Ernest Wayne Mitchell. Mitchell agreed to sell the undercover officer an eight-ball of crystal meth at the Mad Greek Restaurant on Volunteer Parkway in Bristol.  Mitchell arrived at the location designated and requested the undercover officer meet him on a hill across the street.  A female

accompanying Mitchell got out of the vehicle and went toward a garage and the undercover officer met with Mitchell and discussed the purchase of the crystal meth. Mitchell provided the officer with the crystal meth in exchange for $350. During the course of the transaction, the officer observed Mitchell was in possession of a small semi-automatic pistol.

On November 13, 2003, another transaction was arranged with Mitchell to purchase four eight-balls of crystal methamphetamine. Mitchell arrived and sold a confidential informant four eight-balls of crystal meth for $1,240. Upon Mitchell's arrest, officers discovered a loaded Jennings .22 caliber pistol in Mitchell's vehicle. Jennings admitted that the firearm was for his own protection.

The crystal meth sold by Mitchell in both counts, and seized upon his arrest, was analyzed by the Tennessee Bureau of Investigation Crime Laboratory and was determined to be 10.2 grams of (actual) methamphetamine, a Schedule II controlled substance.

IV.    **Aanlysis**

In his § 2255 motion, petitioner asserts two claims. He argues that there was insufficient evidence to support his guilty plea on Count 2, the firearm charge, and that he received ineffective assistance of counsel because an investigator for the Federal Defender Services of East Tennessee allegedly functioned in the role of counsel and is not a licensed attorney.

**Sufficiency of the Evidence**

Petitioner alleges that the evidence in the case, that is his stipulation to the facts set forth in the agreed factual basis, was insufficient to establish a factual basis for the defendant's plea of guilty as to Count 2 of the indictment charging him with possession of a firearm in furtherance of a drug trafficking offense. Mitchell's argument fails for several reasons. First, petitioner knowingly and voluntarily waived in his plea agreement the right to bring such a claim in a post conviction motion. In relevant part, the plea agreement provides as follows: ". . . the defendant knowingly and voluntarily agrees to waive any rights he may have to file any post-conviction motions or pleadings pursuant to Title 28, United States Code, Section 2255. Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case." [1] The petitioner does not argue that this waiver was not knowingly and voluntarily made nor is there anything in the record to suggest that his waiver was anything other than knowing and voluntary. In fact, the record of these proceedings establishes the contrary. Petitioner's waiver is, therefore, fully enforceable and bars his challenge as to the sufficiency of the evidence.

Second, even absent petitioner's waiver in his plea agreement, a challenge to the sufficiency of the evidence is not cognizable in this § 2255

---

[1] The waiver does not affect the defendant's right to collaterally attack the conviction and sentence upon grounds of ineffective assistance of counsel and prosecutorial misconduct.

proceeding.  The United States Court of Appeals for the Sixth Circuit has repeatedly and consistently held that the "sufficiency of the evidence to support a conviction may not be collaterally reviewed on a § 2255 proceeding." *United States v. Osburne*, 415 F. 2d 1021, 1024 (6th Cir. 1969).  Section 2255 cannot be used to attack the sufficiency of the evidence by which a defendant is convicted, as that is an issue that can be raised only by direct appeal. *See Stephan v. United States*, 496 F. 2d 527, 528-29 (6th Cir. 1974).

Furthermore, even if petitioner's challenge to the sufficiency of the evidence could now be considered, his claim has no merit because the petitioner expressly admitted the elements of the offense in his plea agreement and in the agreed factual basis filed in support of the guilty plea.  In the agreed factual basis, Mitchell stipulated that he sold four eight-balls of crystal meth to a confidential informant and that upon his arrest immediately thereafter officers discovered a loaded Jennings .22 caliber pistol in Mitchell's vehicle.  Mitchell admitted that the firearm was for his protection. [2]  More specifically, Mitchell agrees in his plea agreement that the Jennings .22 caliber pistol "was used in furtherance of defendant Earnest Wayne Mitchell's knowing violations of Title 21, U.S.C. §

---

[2]  The agreed factual basis appears to contain a typo in that it says: "Jennings admitted that the firearm was for his own protection."  The sentence should refer to Mitchell, not Jennings (which was the brand of the firearm) and this is clear from the context of the statement.

841(a)(1) and Title 18, United States Code § 924(c)(1)(A). . .”  He further agrees

that he was the owner of the firearm.  Although petitioner now argues that such

evidence was insufficient to support his guilty plea to the crime of possession of a

firearm in furtherance of his drug trafficking offense,  such is not the case.  His

possession of the firearm in close  proximity to the drugs and during the course of

his drug dealing properly supports a conviction of  § 924(c)(1)(A).  *See United

States v. Whitehead*, 415 F. 3d 583, 589-90 (6th Cir. 2005).  This is especially true

because of petitioner's admission that he possessed the firearm for his protection

during his drug trafficking offense.  Any reasonable jury could have concluded

based upon the strategic location of the firearm such that it was quickly and easily

available for use during the drug transaction that it was for the purpose of

providing protection or intimidation in furtherance of the drug trafficking for

which the defendant was arrested and convicted.  This issue is totally without

merit.

## Ineffective Assistance of Counsel

The Sixth Amendment provides, in pertinent part, “[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defense.”  U.S. Const. amend. VI.  A defendant has a Sixth

Amendment right not just to counsel, but to “reasonably effective assistance” of

counsel.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80

L. Ed. 2d 674 (1984).  In *Strickland*, the Supreme Court set forth a two-pronged

test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's
> performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment.   Second, the defendant must
> show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors
> were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.  Unless a defendant makes
> both showings, it cannot be said that the conviction . . .
> resulted from a breakdown in the adversary process that
> renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064.

As with any other claim under § 2255, the burden of proving ineffective assistance

of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F. 2d 1073, 1081

(3rd Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the

appropriate measure of attorney performance is "reasonableness under prevailing

professional norms."  *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065.  A defendant

asserting a claim of ineffective assistance of counsel must "identify the acts or

omissions of counsel that are alleged not to have been the result of reasonable

professional judgment."  *Id.* at 690, 104 S. Ct. at 2066.  The evaluation of the

objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The *Strickland* court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that court should be followed. Courts should strive to ensure that ineffectiveness claims

not become so burdensome to defense counsel that the
entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

Mitchell in this case alleges that his counsel was ineffective through
the use of an investigator to meet with petitioner at various times throughout
counsel's  representation of the petitioner.  Petitioner alleges that he met with his
appointed counsel about five times during the proceedings; however, he was
visited by the investigator at least 15 to 20 times.  Although Mitchell complains of
his interaction with defense counsel's investigator, a non-lawyer, he never makes
any actual claim that his representation by defense counsel was constitutionally
ineffective  and certainly never alleges any prejudice from his counsel's
performance.  In fact, it appears that defense counsel was able to negotiate a plea
agreement with the government which allowed Mitchell to avoid a second 924(c)
conviction which would have resulted in an additional statutory minimum 25 year
term of imprisonment consecutive to the sentence he received on Counts 1, 2
and 3.  Petitioner's conclusory allegation that his counsel failed to afford effective
assistance of counsel, without any facts to support that assertion, does not meet the
first prong of the *Strickland* test.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985);
 *Miller v. Straub*, 299 F. 3d 570, 578 (6th Cir. 2002).  Even if he could meet the first
prong of the *Strickland* test, petitioner has alleged absolutely no prejudice as a

result of counsel's alleged error. Petitioner has the burden of demonstrating

prejudice. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).[3]

Petitioner has failed to meet either prong of the *Strickland* standard

and his allegation of ineffective assistance of counsel is meritless. No relief is

warranted on this basis.

## VII. <u>Conclusion</u>

For the reasons set forth above, the Court holds petitioner's conviction

and sentencing were not in violation of the Constitution or laws of the United

States and his motion to vacate, set aside or correct his sentence pursuant to 28

U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a

certificate of appealability should be granted. A certificate should issue if

petitioner has demonstrated a "substantial showing of a denial of a constitutional

---

[3]    The only possible allegation in the petitioner's motion which could be remotely construed as an allegation of prejudice is his allegation that defense counsel's investigator told him he would receive a total sentence "of about seven years" as a result of the plea agreement. Even if such a representation was made to the petitioner by the investigator, his sentence of less than nine years is, in fact, "about seven years." In addition, the petitioner clearly understood the maximum penalties which could be imposed in his case, he advised the court that he had ample time to discuss the matter with his attorney, advised the court that his attorney had advised him as to the terms and conditions of his plea agreement and was advised by the court of the applicability of the five year mandatory minimum consecutive sentence as to Count 2 and the advisory nature of the sentencing guidelines. While a transcript of the change of plea hearing has not been prepared, the undersigned District Judge was the Judge who presided over Mitchell's case and relies upon his recollection of the Rule 11 colloquy which occurred at the time of the entry of Mitchell's guilty pleas. *See Blanton v. United States*, 94 F. 3d 227, 235 (6th Cir. 1996). Mitchell also acknowledged in his plea agreement that he had received satisfactory advice and representation from his attorney.

right."  28 U.S.C. § 2253(c)(2).   The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001).  The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id*. at 467.  Each issue  must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000).  *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Having examined each of the petitioner's claims  under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong.   Therefore, the Court will deny petitioner a certificate of appealability.

A separate order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE